IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| NARESH R. DAVE, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| KIRIT PATEL, his wife | ) | Civil Action No.: 1:10-cv-971 |
| ZANKHANA PATEL, | ) | |
| HASMUKHAL PATEL, and | ) | |
| KENCO HOSPITALITY, INC. | ) | |
| d/b/a HOWARD JOHNSON INN, | ) | |
| 1800 HILLANDALE ROAD, | ) | |
| DURHAM, NORTH CAROLINA, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PRELIMINARY STATEMENT**

1. This is an action by one former employee employed with the title of front desk night auditor against the owners, officers, and/or operators of a closely held, for-profit incorporated motel incorporated and/or operating in or around Durham County, North Carolina pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). This action is brought under the FLSA for unpaid overtime wages when they were due at the overtime rate required by and/or described in 29 U.S.C. § 207. In the alternative, this action is brought under the North Carolina Wage and Hour Act ("NCWHA") for unpaid overtime wages when they were due at the overtime rate required by and/or described in N.C.Gen.Stat. § 95-25.4. In

addition, the plaintiff seeks payment of accrued and unpaid vacation pay under N.C.Gen.Stat. § 95-25.6.

2. Based upon his claim under 29 U.S.C. § 207 of the Fair Labor Standards Act, or, in the alternative, under § 95-25.4 of the NCWHA, the plaintiff seek payment of back wages and an equal amount of liquidated damages, attorney fees, interest, and costs under 29 U.S.C. § 216(b) and/or N.C.Gen.Stat. §§ 95-25.22(a), 95-25.22(a1), and 95-25.22(d). He also seeks payment of at least two (2) weeks of accrued but unpaid vacation pay under N.C.Gen.Stat. § 95-25.6 and an equal amount of liquidated damages, attorney fees, interest, and costs under N.C.Gen.Stat. §§ 95-25.22(a), 95-25.22(a1), and 95-25.22(d).

## JURISDICTION

3. The Court has federal question jurisdiction in this action pursuant to 28 U.S.C. §§ 1331 and 1337, and 29 U.S.C. § 216(b), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) as the plaintiff's alternative claim under N.C.Gen.Stat. § 95-25.4 arises under the same nucleus of operative facts as the plaintiff's claim under the FLSA.

4. This Court has the power to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c). Plaintiff resides in New Jersey. At the time that this action was filed, defendants operated more than one motel in Durham County, North Carolina. Upon

information and belief, at the time this action was filed defendants resided in Durham County, North Carolina.

6. At the time this action was filed, defendants regularly conducted a substantial amount of their motel business within the geographic area that is described in 28 U.S.C. § 113(b). In addition, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Durham County during his employment by defendants in Durham County.

## NAMED PLAINTIFF

7. Plaintiff Naresh R. Dave is a natural person who currently resides in New Jersey. From in or about November 2001 through on or about September 19, 2009, plaintiff performed work for the defendants as the front desk night auditor in the defendants' business enterprise located in Durham County, North Carolina.

8. The plaintiff's work for the defendants involved working on or handling goods such as food, light bulbs, and the telephone that have been moved in or produced for interstate commerce by a person(s) or corporation other than the plaintiff and the defendants.

9. During the entire time period described in ¶7 of this Complaint, the defendants jointly and severally employed the plaintiff within the meaning 29 U.S.C. §§ 203(d) and 203(g) as part of the defendant's business enterprise to provide motel services in and around Durham, North Carolina.

10. Upon information and belief, from January 1, 2005 to the present, defendant Kenco Hospitality, Inc. was part of an enterprise within the meaning of 29

U.S.C. § 203(r) that did annual gross volume of sales made or business done in each of those same calendar years of not less than $500,000.00 (exclusive of excise taxes at the retail level that were separately stated) in excess of business and services within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

## DEFENDANTS

11. At all times described in ¶¶7-10 of this Complaint, defendant Kenco Hospitality, Inc. (hereinafter "Kenco") was and is a closely-held, for profit, corporation organized under the laws of the State of North Carolina for the purpose, among others, of operating a motel business enterprise within the meaning of 29 U.S.C. § 203(r) in and around Durham County, North Carolina, and other counties in North Carolina and/or Virginia. A substantial amount of that enterprise was and is conducted in Durham County, North Carolina.

12. At all times described in ¶¶7-10 of this Complaint, defendant Kenco, Kirit Patel, the wife of Kirit Patel, Zankhana Patel, and Kirit's father, Hasmukhlal Patel (hereinafter referred to as the "Patel defendants"), jointly and severally employed Plaintiff as the term "employ" is defined by the FLSA and the NCWHA. At all times described in ¶¶7-10 of this Complaint, the Patel defendants, jointly and severally, owned, controlled, and/or operated Kenco. At all times described in ¶¶7-10 of this Complaint defendant Kirit Patel was and is the President of Kenco. At all times described in ¶¶7-10 of this Complaint, defendant Hasmukhlal Patel was and is the Secretary of Kenco.

13. At all times described in ¶¶7-10 of this Complaint, as part the

enterprise defendant Kenco operated a Day's Inn on Hillsborough Road, a Howard Johnson Inn on 1800 Hillandale Road, and the Budgetel Inn and Suites in Durham, North Carolina. During that same time period, the Patel defendants were and continue to be the day-to-day managers and/or operators of Kenco with respect to the employment of Plaintiff in the motel business enterprise of the defendants.

14. At all times described in ¶¶7-10 of this Complaint, the Patel defendants, acting on behalf of defendant Kenco, possessed and exercised and continue to posses and exercise the power and authority to direct, control and/or supervise the work performed by Plaintiff on a day-to-day basis at the Howard Johnson Inn located on 1800 Hillandale Road in Durham, , North Carolina. They exercised that right by physically coming to the Inn to direct and supervise the performance of both the plaintiff as the front desk night auditor, the plaintiff's counterpart, the front desk day auditor, and to direct and supervise the performance of the 3 people who were employed to change the linen and clean the rooms at that Inn.

15. At all times described in ¶¶7-10 of this Complaint, the Kirit defendants, acting on behalf of defendant Kenco, had the right and exercised the right to determine the rate and method of payment for those wages that Kenco paid to Plaintiff.

16. At the time this action was filed, Kirit Patel, 1800 Hillandale Road, Durham, NC 27705-2650, was the registered agent for service of process on Kenco Hospitality, Inc.

## FACTUAL ALLEGATIONS

16. At all times described in ¶¶7-10 of this Complaint, Kenco has been, and continues to be, an "employer" engaged in an enterprise for the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(g), 203(r) and 203(s)(1)(A).

17. At all times described in ¶¶7-10 of this Complaint, defendants have jointly and severally employed Plaintiff.

18. Upon information and belief, in 2005, 2006, 2007, and 2008, the labor consulting enterprise of Kenco had annual gross volume of sales made or business done in each of those same years of not less than $500,000.00 (exclusive of excise taxes at the retail level that were separately stated).

20. At all times described in ¶¶7-10 of this Complaint, defendants maintained and continue to maintain a policy and practice of failing to pay the plaintiff and any of their employees wages at the overtime rate described in and/or required by 29 U.S.C. § 207(a) and N.C.Gen.Stat. § 95-25.4 for all hours worked in workweeks longer than 40 hours.

21. In all workweeks described in ¶¶7-10 of this Complaint, plaintiff performed in excess of forty (40) hours in the same workweek in his work for the defendants.

22. During the time periods described in ¶21 of this Complaint, the defendants did not pay the plaintiff at the rate described in and/or required by 29 U.S.C. § 207(a)(1) and N.C.Gen.Stat. § 95-25.4 when those wages were due on the

regular payday of the named plaintiff for all of the hours worked that are described in ¶21 of this Complaint.

23. As a result of Defendants' policies and practices that are alleged above, the defendants failed to pay the plaintiff all of the wages due to the plaintiff when those wages were due on the regular payday.

24. During many if not all of those same workweeks described in ¶¶7-10 and 16-23 of this Complaint, the named plaintiffs worked in excess of forty (40) hours per week in the same workweek for which they did not receive wages at the rate and in the amount described in or required by N.C. Gen. Stat. § 95-25.4 when those wages were due on the regular payday of the named plaintiff for all of the hours worked that are described in ¶21 of this Complaint..

25. During the two-year time period immediately preceding the date on which this complaint was filed, the plaintiff accrued vacation pay from the defendants that was due and payable within 30 days of September 19, 2009 based upon the vacation plan and pay that the defendants disclosed to him pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(3).

26. The defendants did not pay to the plaintiff at least one week of the accrued vacation pay that the defendants were obligated to pay the plaintiff no later than one month following September 19, 2009 based upon the defendants' disclosures to the plaintiff as to that same vacation plan and pay.

27. The defendants did not maintain accurate records as to the number of hours that the plaintiff worked for one or more of the defendants in the manner

described in and/or required by 29 U.S.C. § 211(c), the regulations promulgated by the U.S. Department of Labor under the FLSA, and/or the NCWHA.

28. Because of the long experience of one or more of the defendants as motel operators dating back to at least 2001, the defendants' failure to pay the plaintiff at the overtime rate required and/or described in N.C.Gen.Stat. § 95-25.4 and/or 29 U.S.C. § 207 was in reckless disregard of the federal and North Carolina overtime wage laws.

## FIRST CAUSE OF ACTION
### FLSA Claim for Failure to Pay Overtime Compensation

28. Plaintiff re-alleges and incorporates ¶¶3-27 as though fully set forth herein.

29. At all relevant times, Defendants have engaged and continue to engage in a willful policy, pattern, or practice of illegally classifying the work that the Plaintiff performed for the defendants as exempt from the overtime provisions of the FLSA.

30. At all relevant times, defendants required, suffered, or permitted plaintiff to work overtime hours without paying him overtime compensation at the rate required by 29 U.S.C. § 207(a).

31. As a result, defendants have failed to pay overtime compensation to Plaintiff for all hours worked in excess of forty (40) each workweek, in violation of the FLSA, 29 U.S.C. §207(a)(1).

32. Plaintiff seeks damages in the amount of the respective unpaid

overtime compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

33. Plaintiff also seeks recovery of reasonable attorneys' fees and costs of action from Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### NCWHA Alternative Claim for Failure to Pay Overtime Compensation

34. In the alternative to the plaintiff's claim under the FLSA in the event that it is determined that none of the defendants are employers who are covered by the FLSA, plaintiff re-alleges and incorporates ¶¶3-26 as though fully set forth herein.

35. At all times relevant to this action, Defendants have a policy and practice of subjecting the amount of compensation or wages Plaintiff receives to reduction because of variations in the quantity or quality of the work performed by Plaintiff.

36. At all relevant times, Defendants have engaged and continue to engage in a willful policy, pattern, or practice of illegally classifying the work that the Plaintiff performed for the defendants as exempt from the overtime provisions of the NCWHA.

37. At all relevant times, defendants required or permitted and/or continue to require or permit plaintiff to work overtime hours without paying his overtime compensation.

38. As a result, defendants have failed to pay overtime compensation to Plaintiffs for all hours worked in excess of forty (40) each workweek, in violation of N.C.Gen.Stat. § 95-25.4.

39. Plaintiff seeks damages in the amount of the respective unpaid overtime compensation, plus an equal amount in liquidated damages, as provided by the NCWHA, N.C.Gen.Stat. §§ 95-25.22(a) and 95-25.22(a1), and such other legal and equitable relief as the Court deems just and proper.

40. Plaintiff also seeks recovery of reasonable attorneys' fees and costs of action from Defendants, as provided by the NCWHA, N.C.Gen.Stat. § 95-25.22(d).

## THIRD CAUSE OF ACTION
**NCWHA Claim for Failure to Pay Vacation Pay When Due**

41. Plaintiff re-alleges and incorporates ¶¶3-27 as though fully set forth herein.

42. During the two-year time period immediately preceding the date on which this complaint was filed, the plaintiff accrued vacation pay from the defendants that was due and payable within 30 days of September 19, 2009 based upon the vacation plan and pay that the defendants disclosed to him pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(3).

43. The defendants did not pay to the plaintiff at least one week of the accrued vacation pay that the defendants were obligated to pay the plaintiff no later than one month following September 19, 2009 based upon the defendants' disclosures to the plaintiff as to that same vacation plan and pay.

44. Plaintiff seeks damages in the amount of the unpaid and accrued vacation pay, plus an equal amount in liquidated damages, as provided by the NCWHA, N.C.Gen.Stat. §§ 95-25.22(a) and 95-25.22(a1), and such other legal and equitable relief as the Court deems just and proper.

45. Plaintiff also seeks recovery of reasonable attorneys' fees and costs of action from defendants, as provided by the NCWHA, N.C.Gen.Stat. § 95-25.22(d).

## **PRAYER FOR RELIEF**

WHISEFORE Plaintiff prays for relief as follows:

(a) A jury trial on all issues so triable;

(b) Damages according to proof at trial for all unpaid wages, underpaid wages, unpaid and accrued vacation pay, and/or unpaid overtime as provided by the FLSA and/or the NCWHA;

(c) Liquidated damages for Plaintiff in an amount equal to the amount of damages awarded for all unpaid wages, underpaid wages, unpaid and accrued vacation pay, and/or unpaid overtime wages for all hours worked and vacation pay accrued and payable, as provided by the FLSA and/or the NCWHA;

(d) A reasonable attorneys' fees and costs of suit, as provided by the FLSA and/or NCWHA;

(e) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Respectfully submitted this 20th day of December 2010.

>BY: /s/ Robert J. Willis
>N.C. State Bar No. 10730
>P.O. Box 1269
>Raleigh, NC 27602
>Tel: (919) 821-9031
>Fax: (919) 821-1763
>rwillis@rjwillis-law.com

>Attorney for Plaintiff