# PLAINTIFF'S EXHIBIT A

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This SETTLEMENT AGREEMENT AND GENERAL RELEASE (the "Agreement") is entered into as of May 16, 2011 by and between Naresh R. Dave (the "Claimant") and Kirit Patel, Zankhana Patel, Hasmukhal Patel, (hereinafter the "Patels") and Kenco Hospitality, Inc. (hereinafter "Kenco"), on behalf of their selves, their predecessors in interest, present and former parent corporations, present and former subsidiaries, partners, divisions, affiliates, representatives, officers, directors, trustees, shareholders, employees, attorneys, successors and assigns (collectively referred to herein as "Defendants").

WHEREAS, Mr. Dave was formerly an employee of Kenco and Mr. Dave alleged that Mr. Dave was a former employee of the Patels;

WHEREAS, on or about December 21, 2010, Mr. Davie failed a Civil Action, 1:10-cv-971, in the United States District Court for the Middle District of North Carolina alleging certain claims related to his employment with Kenco;

WHEREAS, the Defendants deny any allegations of wrongdoing whatsoever, including without limitation the allegations set forth in the Charge; and

WHEREAS, the parties wish to avoid the time, expense and uncertainty of further litigation, and desire to settle, fully and finally, any and all differences between them, including but not limited to, all claims related to Mr. Dave's employment with Kenco and alleged employment by the Patels and the termination thereof, and all claims that were or could have been asserted in the action filed by the Claimant;

WHEREAS, Mr. Dave has been represented throughout the Action and in connection with the negotiation and execution of this Agreement by his counsel, Robert James Willis, Law Offices of Robert J. Willis, Post Office Box 1269, Raleigh, North Carolina 27602-1269; and

WHEREAS, the Defendants have been represented by their counsel, Bryson Aldridge,

Esq., Stubbs, Cole, Breedlove, Prentis, & Biggs, PLLC, 122 East Parrish Street, Post Office Box 376, Durham, North Carolina 27702.

NOW, THEREFORE, in consideration of the mutual covenants and other good and valuable consideration described herein, the parties agree as follows:

1. The parties acknowledge and agree that this Agreement shall not constitute or imply an admission of liability or wrongdoing by the Defendants, which are expressly denied, and that this Agreement is intended merely to avoid further litigation and achieve peace between the parties.

2. In full and final settlement of all claims that were or could have been asserted by Mr. Dave, the Defendants shall issue payment ("Settlement Sum") by certified check, money order, or trust account check written on the trust account if their counsel, made payable to Robert J. Willis Trust Account in the amount of Thirty-Four Thousand, Seven Hundred and Two Dollars and Fifty Cents ("34,702.50") within ten (10) days of the date on which the Court Civil Action, 1:10-cv-971, in the United States District Court for the Middle District of North Carolina issues any order in which it approves the terms of this Agreement. It is understood and agreed among the parties to this Agreement that $402.50 of that amount is to be allocated to reimburse Mr. Dave for the costs he incurred to file the complaint in this action, that $11,433.33 of that amount is to be treated and allocated to pay attorney's fees due to Robert J. Willis by Mr. Dave, that $11,433.33 of that amount is to be treated and allocated as back wages payable to Mr. Dave, and that $11,433.34 of that amount is to be allocated and treated as liquidated damages payble to Mr. Dave under 29 U.S.C. § 216(b) and N.C.Gen.Stat. § 95-25.22(a1).

3. In return for the payment set forth above, and in full and complete settlement of all claims that Mr. Dave may have against the Defendants, Mr. Dave hereby expressly waives his right to bring or pursue any lawsuit, grievance, arbitration or administrative proceeding upon any

claims he may have against the Defendants, including but not limited to claims with respect to his former employment with, or his separation from, Kenco and hereby releases and discharges the Defendants by way of this Agreement on behalf of himself, his heirs, executors, and administrators of any actions, charges, causes of actions, suits, claims, grievances, arbitrations, controversies in law or equity of whatsoever nature based upon any claims made by Mr. Dave against the Defendants. Said waiver shall include, but shall not be limited to, any and all claims, grievances, demands for arbitration, or causes of action, known or unknown, arising out of, or in any way connected with or relating to, Mr. Dave's employment with, and/or separation from, Kenco, for breach of contract, implied or express, breach of a collective bargaining agreement, impairment of economic opportunity, intentional or negligent infliction of emotional distress, prima facie tort, defamation, libel, slander, negligent termination, malicious prosecution, wrongful discharge, retaliatory discharge, discharge in violation of any applicable statute, including but not limited to, any federal, state, county, or municipal statute, law, rule, regulation, or ordinance relating to employment discrimination, employment wages, or employment relationships, including but not limited to, Title VII of the Civil Rights Act Of 1964, The Civil Rights Acts of 1866, 1871, 1964 and 1991, The Americans With Disabilities Act, The Family and Medical Leave Act, The Employee Retirement Income Security Act (ERISA), The Fair Labor Standards Act, The Equal Pay Act, The National Labor Relations Act, and any other claim or cause of action, whether in contract or tort and whether now known or unknown, which stems from Mr. Dave's employment with, or separation from Kenco.

4. Mr. Dave agrees that he will not accept, apply for, or otherwise seek employment with Kenco or any other entity owned or operated by the Defendants.

5. Mutual Non-Disparagement/Confidentiality/Neutral Reference: To the full extent permitted by law, the parties agree that they will not make, or cause to be made, any statements,

3

observations or opinions, or communicate any information (whether oral or written) that disparages or is likely in any way to harm the reputation of each other. In response to any inquiry from any potential employer, employment agency or the like, Kenco and the Patels will provide only the dates of Mr. Dave's employment and title (i.e., Manager) with Kenco. Kenco and the Patels will provide no other information, including, but not limited to, compensation information. Kenco and the Patels will state in response to any such inquiry if asked that per company policy, no additional information is supplied for any employee.

6. The illegality, unenforceability or overbreadth of any provision of this Agreement shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement. Upon a finding by a court or agency of competent jurisdiction based on an action initiated by Mr. Dave, or any court or agency at Mr. Dave's request, that the release and covenants provided for in paragraph 4 of this Agreement are illegal, void or unenforceable, Mr. Dave agrees to execute a release that is legal and enforceable.

7. This Agreement shall be construed in accordance with the laws of the State of North Carolina without regard to the conflict of law provisions of any other state or foreign jurisdiction, and the parties agree that any dispute arising out of this Agreement and its enforcement shall be vested in the exclusive jurisdiction of state or federal courts in North Carolina. This Agreement sets forth the entire agreement between the parties with respect to the subject matter hereof. This Agreement supersedes any and all prior understandings and agreements among the parties with respect to the subject matter hereof. This Agreement may not be modified except in a writing signed by all parties hereto.

8. The parties are bound by this Agreement. Anyone who succeeds to their rights and responsibilities, such as their heirs or the executors of their estate, are also bound. This

Agreement is made for the benefit of the parties and all who succeed to their rights and responsibilities, including without limitation their successors or assigns.

9. The parties expressly represent and warrant that they have full legal capacity to enter into this Agreement, that they have carefully read and fully understand that this Agreement is a general release of all claims, that they have had a full opportunity to review this Agreement with an attorney and that they have executed this Agreement voluntarily, without duress, coercion or undue influence.

10. Mr. Dave agrees to file a dismissal of the Civil Action within seven (7) business days following receipt of the payment required by ¶2 of this Agreement.

11. Claimant represents that he has no lawsuits, claims or actions pending in his name, or on behalf of any other person or entity, against the Company or any other Released Party. Claimant also represents that he does not intend to bring any claims on his own behalf or on behalf of any other person or entity against Kenco, the Defendants or any other Kenco and / or Defendants Released Party.

12. Claimant agrees that he will not counsel or assist any attorneys or their clients in the presentation or prosecution of any disputes, differences, grievances, claims, charges, or complaints by any third party against Kenco, the Defendants, and/or any Kenco and / or Defendants Released Party, unless under a subpoena or other court order to do so.

13. The terms of this Agreement are binding and will not establish any precedent, nor will this agreement be used as a basis by the complainant or any representative organization to seek or justify similar terms in any subsequent case.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SUMS AND BENEFITS SET FORTH IN PARAGRAPH "2" ABOVE, MR. DAVE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS**

AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST RESPONDENTS.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first written above.

_____
NARESH R. DAVE

KENCO HOSPITALITY, INC.

By: _____,_____

By: _____
     KIRIT PATEL

By: _____
     ZANKHANA PATEL

By: _____
     HASHMUKHAL PATEL

6